19 F.3d 1431
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
J. C. WACHACHA, Defendant-Appellant.
 No. 93-5416.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 17, 1994.
Decided: March 10, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, Chief District Judge. (CR-92-66-B-CR)
 Patrick B. Ochsenreiter, Asheville, North Carolina, for Appellant.
 Jerry W. Miller, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before RUSSELL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 J.C. Wachacha was convicted by a jury of assaulting Abraham Wachacha with a dangerous weapon with intent to do bodily harm within the exclusive jurisdiction of the United States (the Cherokee Indian Reservation), 18 U.S.C.A. Secs. 113(c), 1153 (West 1969 & Supp.1993), and of using a firearm in a crime of violence, 18 U.S.C.A. Sec. 924(c) (West Supp.1993). He appeals his conviction and his sentence, alleging that the evidence was insufficient to support a guilty verdict, and that the district court erred in denying him a new trial on the basis of newly discovered evidence, and in failing to depart below the guideline sentence. We affirm.
 
 
 2
 Abraham and Emily Wachacha, J.C. Wachacha's brother and sister, were both shot outside J.C.'s home following an afternoon of drinking in the front yard, and an argument which escalated into violence. All three agreed that they were intoxicated at the time of the incident. Abraham and Emily Wachacha testified that when the argument began they both refused to leave, and they attacked J.C., who got free and went into his house. According to Emily's testimony, J.C. emerged with a rifle and shot her. The bullet passed through her thigh without doing permanent injury. Abraham and two friends who were also present ran off at this point. Abraham testified that he was shot in the left buttock near the mailbox at the bottom of the bank in front of the house. He did not suffer any serious injury.
 
 
 3
 Willie Jumper testified that he heard several shots while he and Abraham were walking away from J.C.'s house along the road, and that Abraham told him he had been shot. From Jumper's house, Abraham called the police and an ambulance. When the police arrived, Emily was sitting on the ground in front of J.C.'s house. A loaded rifle was found on the porch. J.C. Wachacha was taken into custody on the road below his house after he threatened the ambulance crew because they were too slow in getting to his sister, and got into an altercation with Abraham in which they each accused each other of killing Emily.
 
 
 4
 J.C. Wachacha testified that he did not recall going into the house or shooting either Emily or Abraham. He said that he might have shot at the ground, to scare them into leaving. Agent James Russell of the Federal Bureau of Investigation testified that no shell casings were found outside the house, but that a person standing in the doorway of the house would have a clear line of fire to the spot where Abraham said he was hit if he were shooting from the shoulder, and an uncertain line of fire if he were shooting from the hip, because the edge of the hill might block the bullet's path. Emily had testified that she did not recall seeing J.C. lift the gun to his shoulder.
 
 
 5
 J.C.'s motion for an acquittal under Fed.R.Crim.P. 29 was denied. The jury found J.C. guilty of assaulting Abraham and of using a firearm in the commission of the offense, but acquitted him of assaulting Emily and of the related Sec. 924(c) charge.
 
 
 6
 A jury verdict must be sustained if, taking the view most favorable to the government, there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The question is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, considering circumstantial as well as direct evidence. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989). In this case, we find that the evidence adequately supported the jury's verdict.
 
 
 7
 Following his conviction, J.C. sought a new trial based on newly discovered evidence under Fed.R.Crim.P. 33. At the hearing on his new trial motion, Rena Wachacha, J.C.'s ex-wife, testified that she and her sister had discovered spent shell casings in the living room while cleaning the house the day after the shooting. She said she had thrown them away, and had not mentioned finding them to J.C.'s attorney until after trial because she did not realize that they had any significance. From this evidence, defense counsel argued that J.C. must have shot from inside the living room. Mrs. Wachacha also stated that vegetation in the front yard would have blocked the view of someone standing at the front door and made it impossible to shoot a person in the road near the mailbox. However, pictures of the house which were taken just after the shootings show that this is not the case.
 
 
 8
 Abraham Wachacha testified that it would have been difficult for J.C. to have hit him if he were near the mailbox, as he had previously testified, that he occasionally suffered alcohol-related blackouts, and that, on reflection, he was not sure where he had been when he was shot. Defense counsel argued that Abraham must have been in the front yard, not on the road, when he was shot, and that there could be a reasonable doubt whether J.C. intended to do him bodily harm or was just shooting to scare him away. The motion for a new trial was denied summarily.
 
 
 9
 A new trial may be granted on the basis of newly discovered evidence if: (1) the evidence is in fact new; (2) the defendant exercised due diligence before trial; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in an acquittal at a new trial. All five requirements must be met. United States v. Chavis, 880 F.2d 788, 793 (4th Cir.1989). The evidence presented at the motion hearing was clearly not new in the sense that it could not have been discovered with due diligence before trial. Moreover, we cannot say that an acquittal would be probable in a second trial including this evidence. We therefore find that the Rule 33 motion was properly denied.
 
 
 10
 Although he did not request a departure from the guideline sentence in the district court, Wachacha asserts on appeal that the court erred in not departing sua sponte because the victim's conduct contributed significantly to the offense, and because it was an act of aberrant behavior on his part. As we have previously held, the sentencing court's decision not to depart is not reviewable. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 11
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED